## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ANNETTE PENDERGRAST** ) | |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | |
| ) | **Civil Action No. 08-cv-00234(ESH)** |
| ) | **(ECF)** |
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## JOINT REPORT PURSUANT TO RULE 16.3

Pursuant to LCvR 16.3, the parties hereby report to the Court that counsel for the parties conferred by telephone.  As a consequence of this conference, the parties, by and through undersigned counsel, hereby report to the Court as follows:


**A.  (1)  Defendant's Statement of Facts**: Plaintiff brings a tort claim against the Defendant, United States of America, (USA),  arising out of an automobile accident that occurred on or about December 12, 2006, involving Plaintiff and Mr. James Leroy Bryant Sr., an employee of defendant. Plaintiff seeks damages in the amount of $58,369.65.

   **(2)  Defendant's Defenses:** It is the Defendant's position that pursuant to 28 U.S.C. § 2675 (b), Plaintiff is prohibited from claiming or recovering an amount against the Defendant United States in excess of the amount set forth in any administrative claim she may have presented to the defendant.  Defendant denies that it and/or any of its agents or employees were negligent or engaged in any conduct that was the proximate cause of Plaintiff's alleged damages. Additionally,  Plaintiff's alleged damages and losses were solely and proximately caused by the

1

negligence, carelessness, or recklessness of Plaintiff, and such negligence is a complete bar to Plaintiff's recovery in this action.

**B.  (1)  Plaintiff's Statement of Facts:**  Plaintiff brings a tort claim against the Defendant, United States of America, (USA),  arising out of an automobile accident.  The Plaintiff alleges that on or about December 12, 2006,  Mr. James Leroy Bryant Sr., was driving a motor vehicle, owned by Defendant United States of America, with permission and consent as its agent, servant and/or employee, on Massachusetts Avenue, N.W., when without warning he made an unsafe lane change and collided with Plaintiff's vehicle. Plaintiff seeks damages in the amount of $58,369.65.

**(2) Plaintiff's Claim**: That as a direct and proximate result of the negligence of James Leroy Bryant Sr, individually and as agent, servant and/or employee, of the Defendant, United States of America, the Plaintiff, was caused to suffer  various painful, serious and permanent injuries to her body, which necessitated medical care and attention at great expense, and the loss of time and earnings from her gainful employment, property damage, and other damages. The Plaintiff claims damages in the amount of $58,369.65, which includes medical bills, lost wages, property damage, and reasonable pain and suffering.

**C.  (1)  Dispositive Motions.**

At this point, the Plaintiff believes the case cannot be resolved by dispositive motion. The Defendant believes the case may be resolved by a dispositive motion. Defendant intends to file a motion at the close of discovery.  There are no pending motions.

**(2)**    **Deadline for Joining Additional Parties or Amending Pleadings.**  Neither party anticipates joining additional parties or amending their pleadings, but agree to do so within 45 days from the date of the Initial Scheduling Conference, if needed.  Plaintiff and Defendant believe that some of  the legal or factual issues can be narrowed upon further consultation.

**(3)**    **Assignment to Magistrate Judge.**  Both Plaintiff and Defendant consent to having the above-captioned case assigned to a Magistrate Judge for all purposes.

**(4)**    **Prospects of Settlement.**   It is unclear at this time whether the case can be settled, but the parties are willing to discuss the possibility of settlement.

**(5)**    **Alternate Dispute Resolution (ADR).**  The parties are willing to discuss the possibility of alternate dispute resolution, but the Defendant believes that ADR discussions may not be effective at this juncture.

**(6)**    **Resolution by Motion.**  At this point, the Plaintiff does not believe this  case can be decided by dispositive motion.  The Defendant intends to file a dispositive motion.  If a motion for summary judgement is to be filed after discovery, the parties agree that any such motion should be due 30 days after the close of discovery; that oppositions or cross-motions be filed 30 days thereafter, and any replies be filed 20 days after the filing of the oppositions or cross-motions.

**(7)**    **Initial Disclosures.**  The Defendant believes that initial Disclosures should be exchanged 30 days following the entry of a scheduling order in this case. The Plaintiff believes that initial disclosures should be exchanged 60 days before the close of discovery.

**(8)**    **The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is necessary; and a date for**

**completion of all discovery.**  The parties request four months to complete discovery.  The parties agree that each party should be limited to seven depositions and thirty each of interrogatories, requests for production of documents and requests for admissions.  The Defendant also states that a Privacy Act protective order will be necessary due to the nature of documents that may be sought in discovery.

**(9)      Whether the requirements of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F. R. Civ. P., should be modified, and whether and when depositions of experts should occur.**  The parties do believe the requirements of Fed. R. Civ. P. 26(a)(2), should be modified and propose that such exchange take place no later that 60 days before the close of discovery.

**(10)    Class Action Procedures.**  Not applicable.

**(11)    Bifurcation of Trial and/or Discovery.**  Neither discovery nor trial should be bifurcated.

**(12)    Date for Pretrial Conference.**  The parties request that the Court set a pretrial conference date 30 days after any post-discovery dispositive motions have been ruled upon.

**(13)    Trial Date.**  The parties request that a trial date be set at the pretrial conference.

**(14)    Other Matters.**  None.

Respectfully submitted,

_/s/with authorization_____    _____/s/_____
John R. Kelley, Esq.        JEFFREY A. TAYLOR
Law Office of Peter F. Fedak, P.A.   D.C. Bar # 498610
11301 Rockville Pike, Third Floor   United States Attorney
Kensington, MD 20895
301-881-6444

*Plaintiff's Attorney*

            _____/s/_____
            RUDOLPH CONTRERAS
            D.C. Bar # 434122
            Assistant United States Attorney

            _____/s/_____
            Raymond A. Martinez TX Bar # 13144015
            Special Assistant United States Attorney
            Judiciary Center Building, Rm. E4208
            555 Fourth Street, N.W.
            Washington, D.C. 20530
            (202) 305-4851

            *Attorneys for Defendant*